# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ASSEMBLED ELECTRONIC OPTIMIZED
SOLUTIONS,

        Plaintiff,

vs.                                                     No. CV 99-834 SC/KBM

MANNCORP, INC., HENRY MANN
and JEFFREY MANN,

        Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER is before the Court on (1) Defendants' Motion To Dismiss, filed September 9, 1999 (Doc. No. 11) and (2) Defendants' Motion To Transfer, filed September 9, 1999 (Doc. No. 15). For the reasons contained in this opinion, the motion to dismiss will be GRANTED IN PART and DENIED IN PART, and the motion to transfer will be DENIED.

      This is an action for breach of contract (Count A), breach of express and implied warranties (Counts B, C, D and E), and material misrepresentation (Count F) in connection with the sale of an electronic production machine called a Microplacer. The case was filed in state court and removed to federal court based on the diversity of the parties. Federal jurisdiction is present pursuant to 28 U.S.C. § 1332(a). The motion to dismiss alleges lack of *in personam* jurisdiction over the defendants, failure to plead fraud

with particularity, and improper naming of the individuals as parties. The motion to transfer alleges that the convenience of the parties and witnesses and the interests of justice favor transfer of this case to Pennsylvania where Manncorp is located.

**1. Motion To Dismiss - Personal Jurisdiction.**

A plaintiff bears the burden of establishing the existence of personal jurisdiction. Overton v. United States, 925 F.2d 1282, 1283 (10th Cir. 1991). When deciding a motion to dismiss for lack of personal jurisdiction, the court may consider the contents of affidavits and other matters outside the pleadings. Jemez Agency, Inc. v. CIGNA Corp., 866 F. Supp. 1340, 1342 (D.N.M. 1994). All well-pled facts of a plaintiff's complaint must be taken as true, if uncontroverted by facts in defendant's affidavits. Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995). To survive a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), a plaintiff need only make a *prima facie* showing of personal jurisdiction. *See* Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1075 (10th Cir. 1995); Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985). Factual disputes raised by conflicting affidavits are resolved in favor of the plaintiff. Jemez Agency, 866 F. Supp. at 1342. A federal court in a diversity case has *in personam* jurisdiction over a nonresident defendant to the extent permitted by the law of the forum state. *See* Wenz, 55 F.3d at 1506. Exercise of personal jurisdiction must also comport with the due process guarantees of the Fourteenth Amendment. Id. at 1507.

In New Mexico, a court has personal jurisdiction over a person only where a three-

prong test is met: (1) the defendant must have performed an act enumerated in the long-arm statute; (2) the cause of action must arise from the enumerated act; and (3) the defendant's actions within the state must establish the minimum contacts necessary to satisfy due process. Salas v. Homestake Enterprises, Inc., 106 N.M. 344, 345, 742 P.2d 1049, 1050 (1987); Smith v. Halliburton Co., 118 N.M. 179, 185, 879 P.2d 1198, 1204 (Ct. App. 1994).

> The New Mexico long-arm statute provides, in part:
>
> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from: (1) the transaction of any business within the state;
> . . .
> (3) the commission of a tortious act within this state;
> . . .
> C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.
> . . .

N.M. Stat. Ann. § 38-1-16 (1978) (Repl. Pamp. 1998).

New Mexico courts have interpreted both the transaction of business and commission of a tort provisions of the long-arm statute to extend New Mexico's personal jurisdiction as far as constitutionally permissible under the due process clause. FDIC v. Hiatt, 117 N.M. 461, 463, 872 P.2d 879, 881 (1994); United Nuclear Corp. v. General Atomic Co., 91 N.M. 41, 42, 570 P.2d 305, 306 (1977). A court may constitutionally assert personal jurisdiction over a non-resident defendant only where the defendant has

3

purposefully established minimum contacts with the forum state.  *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).  There must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).  The defendant's connection with the forum state must be such that "he should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

With these principles in mind, I turn to the facts relating to the jurisdictional issue in this case.  Plaintiff Assembled Electronic Optimized Solutions ("Assembled") purchased an electronic production machine called a Microplacer MP-80 from Defendant Manncorp, Inc. ("Manncorp") pursuant to a 1998 contract that was initiated by Plaintiff in California and completed by telephone, mail and fax between New Mexico and Pennsylvania.  The Microplacer is high-technology equipment used in the assembly of electronic printed circuit boards.  Plaintiff first saw and became interested in the Microplacer via a Manncorp advertisement in a monthly trade periodical that is mailed to industry-related customers nationwide.  Plaintiff contacted Defendant Jeffrey Mann in California to inquire about purchasing the Microplacer, and Manncorp sent Assembled a quotation on February 19, 1998.  Defendant Henry Mann, president of Manncorp, signed Assembled's purchase order for the Microplacer and other goods in Pennsylvania on February 26, 1998.  The Microplacer had been shipped from a manufacturer in Switzerland to California for display by Manncorp at a trade show.  Manncorp shipped

4

the Microplacer from California to Assembled, and an agent of Manncorp installed and set up the Microplacer at Plaintiff's business in New Mexico on March 6, 1998. Manncorp's agent and a Manncorp employee trained Assembled's staff in how to use the Microplacer for three days in March 1998 at Plaintiff's business in New Mexico. Instructions on how to operate the Microplacer were communicated by fax and telephone. The other goods included in Assembled's purchase order (a computer and feeders) were shipped to Assembled in New Mexico by Manncorp from its office in Pennsylvania in March 1998. Assembled paid for the Microplacer by checks, sending them to Manncorp in Pennsylvania. The checks were negotiated in Pennsylvania.

Problems developed with the use of the Microplacer, necessitating attempts to repair it that began in May 1998 and continued until February 1999. There were extensive communications between the parties via mail, fax, and telephone regarding the alleged failures of the Microplacer. Manncorp sent numerous replacement parts, including the computer, the computer card, the software, and five motors, to Plaintiff in New Mexico in an attempt to repair the Microplacer. Manncorp also sent three agents to Plaintiff's business in New Mexico, two of whom were Manncorp's employees, to diagnose the Microplacer's failures and problems. Despite these efforts, the Microplacer continued to malfunction. Manncorp continues to send information to Assembled in New Mexico, and to solicit sales from Assembled via telephone and mail.

Manncorp is a Pennsylvania corporation whose headquarters and principal place of business are located in Pennsylvania. Manncorp is not licensed to do business in New

Mexico, does not maintain an office or employ anyone in New Mexico, and does not directly advertise in New Mexico, although it does send direct mail advertising to some New Mexico customers, including Plaintiff. Manncorp does not have any interest in real or personal property in New Mexico, and does not maintain a telephone listing in New Mexico. All Manncorp's records are maintained in its offices in Pennsylvania, and all its billing is done at its office in Pennsylvania, including the invoice in this case. All products sold by Manncorp are ordered or delivered from its offices in Pennsylvania.

Henry Mann is the president of Manncorp. He is a life-long Pennsylvania resident. Any contact he has ever had with New Mexico has been on behalf of Manncorp only in his capacity as president. He has never been to New Mexico, has no interest in real or personal property in New Mexico, has never individually contracted to supply services or goods in New Mexico, has not contracted to insure any person, property, or risk located within New Mexico, and has not engaged in any business or profession within New Mexico. He has never had any individual relationship, contractual or otherwise, with Assembled.

Defendant Jeffrey Mann has been a California resident since 1995. As sales manager at Manncorp's sales office in California, he promotes sales, processes sales orders, and handles customer inquiries through Manncorp's California sales office. He has never had an individual relationship, contractual or otherwise, with Assembled. He has never had an interest in real or personal property in New Mexico. He did not personally contract to supply services or goods in New Mexico, has not contracted to

insure any person, property, or risk located within New Mexico, has not engaged in any business or profession in New Mexico, and has never even been to New Mexico.

*Transacting Business - Manncorp.* The first question is whether Manncorp transacted business in New Mexico within the meaning of the New Mexico long-arm jurisdiction statute. It must be remembered that there is a distinction between transacting business in New Mexico and transacting business with a New Mexico corporation. *See* CABA Limited Liability Co. v. Mustang Software, Inc., __ N.M. __, 984 P.2d 803, 809 (Ct. App. 1999). In CABA, the New Mexico Court of Appeals held that a seller of computer software did not transact business in New Mexico. The contract had been initiated at a trade show in California, and it was finalized via telephone, fax and mail, without the defendant ever coming to this state. The plaintiff's performance of the contract was to be in New Mexico but the defendant's performance was to be in California. The court focused on the acts of the defendant in New Mexico and found them lacking. *See* id. at 808-811.

Here, too, the contract was initiated outside New Mexico and it was finalized without Manncorp coming to New Mexico, but in this case the place of performance of the contract establishes that Manncorp transacted business in New Mexico. Manncorp delivered the Microplacer to New Mexico, sending its agent and an employee here to set up the machine and to provide three days of training in its operation. When problems developed, the servicing of the machine pursuant to its warranty was done in New Mexico, both by numerous telecommunications and by personal visits by an agent and

7

two employees of Manncorp. Furthermore, this case arises out of Defendant Manncorp's transaction of business in New Mexico. The case involves allegations of breach of contract and breach of express and implied warranties, issues touching performance of the contract.[1] Therefore, I conclude that Defendant Manncorp transacted business in New Mexico.

*Minimum contacts by Manncorp.* The only remaining question is whether these contacts by Manncorp with New Mexico establish minimum contacts with this state sufficient to meet the constitutional requirements of due process. A foreign corporation that physically delivers its product to a customer in New Mexico, sends its agents and employees into this state to set the machine up and train the customer in its use, and repeatedly sends its agents and employees into this state to service the machine when it develops problems, has purposefully directed its activities toward New Mexico and thereby established minimum contacts with this state such that it should expect to be haled into a New Mexico court to answer a lawsuit based upon that product's performance.

Manncorp's purposeful activities directed at New Mexico go well beyond the advertising in trade magazines and use of telephone, fax and mail communications that have been found to constitute insufficient minimum contacts. *See, e.g.,* Sunwest Silver,

---

[1] Although there are also allegations of material misrepresentations against the individual defendants, which concern the formation of the contract outside New Mexico, that cause of action will be dismissed for reasons discussed later in this opinion.

Inc. v. Int'l Connection, Inc., 4 F. Supp. 2d 1284, 1287 (D.N.M. 1998) (mere placement of ad in nationally distributed trade magazine insufficient to support exercise of personal jurisdiction); Salas v. Homestake Enterprises, Inc., 106 N.M. 344, 345, 742 P.2d 1049, 1050 (1987) (defendant's making telephone call to New Mexico to invite plaintiff to come to Colorado and negotiate, and mailing of two documents into New Mexico insufficient contacts); CABA Ltd. Liability Co, __ N.M. at __, 984 P.2d at 810-11 (mere communications by telephone, fax and mail from California to New Mexico, and shipping goods to plaintiff in New Mexico from California insufficient to meet minimum contacts requirement); DeVenzeio v. Rucker, Clarkson & McCashin, 121 N.M. 807, 809-10, 918 P.2d 723, 725-26 (Ct. App. 1996) (ordinarily use of mail and telephone services to contact New Mexico resident from outside state insufficient to satisfy "purposeful availment" prong of minimum contacts analysis). I conclude that Manncorp's contacts with New Mexico satisfy the due process requirement of minimum contacts.

  Manncorp cites Ideal Ins. Agency, Inc. v. Shipyard Marine, Inc., 213 Ill. App. 3d 675, 572 N.E. 2d 353 (1991) for the proposition that "providing services related to a product in a forum state is insufficient to establish personal jurisdiction." Def. Reply at 5. In that case, however, there had been no contacts by the defendant with the forum state; the providing of services was merely contemplated as a future possibility that might occur in the forum state. The court intimated that the potential providing of services in the forum state might have been enough to establish minimum contacts under the due process clause of the federal Constitution, but because that issue had not been briefed in

9

the trial court, the appellate court refused to consider it. Id. at 682, 572 N.E. 2d at 358. Thus, Shipyard Marine actually supports the exercise of personal jurisdiction in this case because here the issue of minimum contacts has been raised, and the actual performance of mechanical, training and warranty work on the product took place in New Mexico.

*Personal Jurisdiction over Henry Mann and Jeffrey Mann.* Plaintiff acknowledges that Henry Mann and Jeffrey Mann are sued in their individual capacities only under the material misrepresentation count of the complaint. There is no allegation that Manncorp is not a viable corporation or that Henry Mann or Jeffrey Mann used the corporation as their alter ego for their own purposes. Jurisdiction over the individual officers and employees of a corporation must be based on their individual contacts with the forum state. Calder v. Jones, 465 U.S. 783, 790 (1984); Ten Mile Indus. Park v. Western Plains Service Corp., 810 F.2d 1518, 1527 (10th Cir. 1987).

Plaintiff argues that the Defendants committed a tort in New Mexico because Assembled's injury resulting from the alleged material misrepresentation was suffered in New Mexico, citing Roberts v. Piper Aircraft Corp., 100 N.M. 363, 366, 670 P.2d 974, 977 (Ct. App. 1983). It is arguable whether a "business tort" of this type would satisfy the due process requirements of minimum contacts as to Defendant Manncorp. *See* Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1079 (10th Cir. 1995) (mere allegation that out-of-state defendant has committed business tort that injured forum resident not enough to establish minimum contacts). "Instead, in order to resolve the jurisdictional question, a court must undertake a particularized inquiry as to the extent to which the defendant has

purposefully availed itself of the benefits of the forum's laws." Id. But Plaintiff has made no allegations about the individual Defendants indicating that either one of them ever purposefully availed himself of the benefits of New Mexico's laws. Therefore, I conclude that this Court lacks *in personam* jurisdiction over them and they will be dismissed.

**2. Motion to Dismiss - Fraud not Pled With Particularity.**

Count F contains a claim for "material misrepresentation." Defendants contend that the claim is not pled with sufficient particularity and must be dismissed for that reason. Plaintiff argues that ¶¶ 6-10 of the Complaint contain sufficient facts to identify the Manns' misrepresentations. Under Fed. R. Civ. P. 9(b), "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Dismissal for failure to state fraud with particularity is treated as a dismissal for failure to state a claim under Rule 12(b)(6). Seattle-First Nat'l Bank v. Carlstedt, 800 F.2d 1008, 1011 (10th Cir. 1986).

In New Mexico, "[a]ctionable fraud consists of misrepresentation of a fact, known to be untrue by the maker, and made with an intent to deceive and to induce the other party to act in reliance thereon to his detriment." Cargill v. Sherrod, 96 N.M. 431, 432-33, 631 P.2d 726, 727-28 (1981). To satisfy the requirements of Rule 9(b), the Tenth Circuit requires that a complaint set forth the time, place and contents of the false representation, the identity of the party making the false statements, and the consequences of the false statements. Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252

(10th Cir. 1997). The purpose of Rule 9(b) is to give the defendant fair notice of plaintiff's claims and the factual ground upon which they are based. Schwartz, 124 F.3d at 1252. In Grossman v. Novell, Inc., 120 F.3d 1112 (10th Cir. 1997), the Tenth Circuit upheld a dismissal pursuant to Rule 9(b) where the actual statements had been identified but the basis for inferring their falsity had not. Id. at 1124. The Grossman court stated:

> Mere conclusory allegations of falsity are insufficient. Fed. R. Civ. P. 9(b) requires that to state a claim for . . . fraud, '[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.'

Id. (citation omitted).

Plaintiff alleges in ¶ 6 that on or about February 19, 1998, Manncorp, by and through Jeffrey Mann, offered to sell the Microplacer to Assembled "to form a turnkey system to be installed at [Assembled's] place of business in Santa Fe, New Mexico." Plaintiff alleges in ¶¶ 8 and 9 that subsequently, Manncorp and Henry Mann issued and signed a purchase order which included a warranty on the Microplacer, which Plaintiff argues constitutes a reaffirmation of the initial offer for a turnkey system. In the allegations of ¶¶ 71-75 of Count F, Plaintiff avers that Defendants materially misrepresented the capabilities and performance standards of the Microplacer for the purpose of inducing reliance by Plaintiff, that the misrepresentation did induce reliance by Plaintiff, and that the Microplacer failed to operate and perform according to those standards.

These allegations do no more than state a claim for breach of contract or breach of

12

warranty. Simply stating that a computer system did not perform properly when the key was turned, so to speak, does not support the falsity of the statement that the system would be "turnkey" when that statement was made. These allegations are insufficient to meet the particularity requirements of Rule 9(b), and they fail to state a claim for fraud under Rule 12(b)(6). Therefore, I will dismiss Count F of the Complaint.

### 3. Motion To Transfer.

Defendants request that this case be transferred to the federal district court in the Eastern District of Pennsylvania, where Defendant Manncorp is located. They contend that the case could have been brought in Pennsylvania, and that it should be transferred there for the convenience of the parties and witnesses and in the interest of justice.

When, as here, jurisdiction is based upon diversity of citizenship, a case may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant under § 1404(a) bears the burden of establishing that the plaintiff's chosen forum is not convenient. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th

Cir. 1991). The decision whether to transfer lies within the sound discretion of the trial court. Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992).

There are several factors that a court may consider in deciding whether to transfer pursuant to § 1404(a). These include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious, and economical.

Chrysler Credit, 928 F.2d at 1516 (*quoting* Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)). The circumstances of each individual case should be balanced by the court on a case-by-case basis. Id.

It is uncontested that this case could have been brought in Pennsylvania because two of the Defendants, Manncorp and Henry Mann, reside there. It is also uncontested that New Mexico is a proper place for this case to be brought; pursuant to 28 U.S.C. § 1391, it appears that a substantial part of the events giving rise to Plaintiff's remaining claims for breach of contract and breach of warranties occurred in this state.[2]

Defendants argue that the convenience of the parties and witnesses, as well as the interests of justice, all strongly militate in favor of transfer. They contend that more

---

[2] Likewise, a substantial part of these events occurred in Pennsylvania.

potential witnesses are located in Pennsylvania than in New Mexico, although the only witnesses they specify are Henry Mann who resides in Pennsylvania, Jeffrey Mann who resides in California, and Hermann Hartmann who resides in Switzerland. Many of Plaintiff's witnesses reside in New Mexico. Defendants have failed to establish that most witnesses are in Pennsylvania. Defendants also state that all Manncorp's business records are located in Pennsylvania, and that all the underlying records regarding Manncorp's relationship with Assembled, such as the invoice, purchase order, quote, service records and documented inquiries, are also maintained at Manncorp's office in Pennsylvania. Plaintiff counters that the business records and other underlying contract records "could be held between a thumb and a forefinger." Pl. Resp. at 6. Defendants have not shown that its business records are so voluminous that it would be difficult to transport them to New Mexico. A change of venue is not appropriate where the effect of the transfer would be simply to shift the inconvenience from one party to the other. Roc, Inc. v. Progress Drillers, Inc., 481 F. Supp. 147, 152 (W.D. Okla. 1979). I conclude that the factor of accessibility of witnesses and other sources of proof does not weigh in favor of transfer.

    Defendants argue next that Manncorp expects to call its employees to serve as witnesses in this matter, making the costs associated with their attendance at a trial in New Mexico extremely high as compared to their attendance at a trial in Pennsylvania. Additionally, Manncorp would suffer significant business disruption, hardship and expense by having to send its officers, employees and business records to New Mexico

for trial.  Of course Plaintiff would incur equal or more costs to attend trial in Pennsylvania, and would similarly encounter business disruption, hardship and expense to do so.  This factor, then, does not weigh in favor of transfer.

Defendants argue that Manncorp does not own or maintain any assets in New Mexico, so that any judgment entered against it cannot be enforced in New Mexico.  This is a curious argument because as pointed out by Plaintiff, any judgment entered in New Mexico would be entitled to full faith and credit in Pennsylvania for enforcement purposes.  *See* United States Constitution, art. IV, § 1 ("Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State."); and 18 Wright and Miller, <u>Federal Practice and Procedure</u>, § 4468 (1981) (federal court judgments are entitled to full faith and credit; any other result would be unthinkable).

Defendants argue that because there is no conflict of law problem and because the choice of laws rules of both states indicate that the substantive law of Pennsylvania will apply, transfer is preferable because a Pennsylvania court is likely to be more familiar with the substantive law of Pennsylvania.  Defendants admit that the applicable provisions of the Uniform Commercial Code are the same in both states.  Plaintiff disputes that the substantive law of Pennsylvania will apply to this case.  I will assume without deciding there is a conflict of law problem, and that Pennsylvania substantive law will apply.  However, these factors alone do not counsel transfer.  While it may be advantageous for a local court to determine questions of state law, this, in itself, is not reason enough to transfer venue.  This Court is perfectly capable of applying the law of

16

Pennsylvania to the matter at hand if that should become necessary.

Taking into consideration the convenience factors relevant to the § 1404 inquiry enumerated above, I find that, on balance, Defendants have not met their burden of demonstrating that a transfer is warranted. Plaintiff has chosen to litigate in the District of New Mexico. A plaintiff's choice of forum should rarely be disturbed unless the balance weighs heavily in favor of the defendant. Scheidt, 956 F.2d at 965. Defendants' motion to transfer will be denied.

NOW, THEREFORE, IT IS ORDERED that Defendants' Motion To Dismiss is hereby GRANTED IN PART and DENIED IN PART. Defendants Henry Mann and Jeffrey Mann are hereby DISMISSED as parties, and Count F for Material Misrepresentation is hereby DISMISSED. Counts A-E remain in the case against Defendant Manncorp, Inc. only.

IT IS FURTHER ORDERED that Defendants' Motion To Transfer is hereby DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: Roger E. Michener, MICHENER & PARNALL, Placitas, N.M.

Counsel for Defendants: Roger L. Prucino, Santa Fe, N.M., and Lane Fisher, Jeffrey Zucker and David R. Dahan, FISHER SCHUMACHER & ZUCKER, Philadelphia, PA.