UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASSEMBLED ELECTRONIC
OPTIMIZED SOLUTIONS,

        Plaintiff,

vs.                                                CIV 99-834 BB/KBM

MANNCORP, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's renewed Motion for Sanctions *(Doc. 56)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken and will be granted in part.

Defendant Manncorp seeks sanctions from Plaintiff AEOS for its alleged failures to timely comply with the rules of discovery and orders of this Court. On several occasions, I have orally cautioned Plaintiff's counsel that sanctions may be imposed if repeated instances of delays and incomplete responses to discovery requests occurred. Defendant's motion fully sets out the factual allegations which establish a continuing pattern of actions and omissions by Plaintiff demonstrating, in the best light, a careless approach to its discovery obligations. If viewed in the worst light, Plaintiff has shown a blatant disregard for both the rules of discovery and prior orders of this Court.

For example,

> during a telephonic status conference on January 17th[,] I directed
> Plaintiff to immediately provide certain income tax records pursuant
> to a confidentiality order and any other financial records it had
> previously represented were "forthcoming." The following day,
> Roger Michener, counsel for Plaintiff, informed the Court that all
> such documents which existed had been produced to Defendant.

*See* Order of January 23, 2001 *(Doc. 50)*. Given Mr. Michener's representation, I found the motion moot and declined to impose sanctions at that time.

Shortly after the entry of the above-quoted Order, I again held a telephonic conference at the request of counsel. At the January 22nd deposition of AEOS owner Christine Thomas, she identified numerous documents which had not been produced but were clearly responsive to Manncorp's discovery requests. Upon being informed of this development, I again held a telephonic conference with counsel and directed that AEOS produce the newly identified documents and cautioned that sanctions can be imposed.

Prior to Ms. Thomas' deposition, Plaintiff had produced no more than several hundred pages of documents although it seeks damages of more than one million dollars. On February 1, 2001, however, Manncorp received from Plaintiff more than 2,500 pages of documents and four videotapes. Moreover, Defendant contends that, contrary to the dictates of FED. R. CIV. P. 34(b), "[t]hese documents were obviously deliberately shuffled together, disorganized and do not indicate to which Request for Production they are responsive." *Motion* at 3.

In fact, many of the identified documents relate ***directly*** to AEOS' damages calculations. Thus, Plaintiff was obligated to have not only identified but also produced these documents in its initial disclosures at the initiation of discovery even in the absence of any request by Defendant.

*See* FED. R. CIV. P. 26(a).  Clearly, many of these documents should have been produced pursuant to Rule 26 more than a year ago.

In its response to the current motion, Plaintiff does not dispute the facts outlined above. Instead, Plaintiff argues that my latest discovery orders have "mooted" discovery management problems.  AEOS simply asserts that Defendant will experience no prejudice from the delayed production of the documents.  To the contrary, I find that Manncorp will incur costs associated with reopening the deposition of Ms. Thomas and the costs and attorney fees associated with separating and organizing the 2,500 documents that were produced contrary to the dictates of FED. R. CIV. P. 34(b).

For the reasons stated in Defendant's Reply Brief, I find that Manncorp has incurred significant costs and attorney fees based upon Plaintiff's recalcitrant and obstructive conduct throughout the discovery process.  Moreover, AEOS' repeated delays in complying both with the rules of discovery and orders of the court have served to thwart the "just, speedy and inexpensive determination of every action."  FED. R. CIV. P. 1.

"The imposition of sanctions for abuse of discovery under FED. R. CIV. P. 37 is a matter within the discretion of the trial court." *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir.), *cert. denied*, 513 U.S. 1000 (1994).  Indeed, FED. R. CIV. P. 37(b)(2) expressly provides that "the court ***shall*** require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust (emphasis added)."  Some of the requested costs and fees would have been incurred by Manncorp even if Plaintiff had met its discovery obligations in a timely fashion.  On this basis, I

will not award attorney fees associated with reviewing the newly produced material in preparing a second time for the deposition Greg Romero.

Wherefore,

IT IS ORDERED that Defendant's renewed Motion for Sanctions *(Doc. 56)*, be, and hereby is, **granted in part.**  Plaintiff shall reimburse Defendant Manncorp its reasonable costs and attorney fees associated with: the preparation and filing of this motion and memoranda, the reopening the deposition of Ms. Thomas (including counsel's travel, lodging and board), and separating and organizing the 2,500 documents produced on February 1, 2001.

IT IS FURTHER ORDERED that Defendant file an affidavit detailing the above expenses and attorney fees.  Plaintiff shall have ten working days from the filing of the affidavit to file its objections, if any, to the reasonableness of those costs and fees.

DATED:  April 16, 2001.

*/s/ Karen B Molzen*
**UNITED STATES MAGISTRATE JUDGE**