IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

ASSEMBLED ELECTRONIC
OPTIMIZED SOLUTIONS,

       Plaintiff,

v.     No. CIV 99-834 BB/KBM

MANNCORP, INC., HENRY
MANN, and JEFFREY MANN,

       Defendants.

MICHENER LAW FIRM, LLC,

       Intervener-in-Settlement.

MEMORANDUM OPINION
ON
DISMISSAL AND SUMMARY JUDGMENT
ON COMPLAINT-IN-INTERVENTION

**THIS MATTER** is before the Court on Plaintiff's *Motions to Dismiss the Complaint-in-Intervention [#121] and for Summary Judgment to Strike Charging Lien [#123]*. The Court having considered the briefs of counsel and being otherwise informed, finds both motions should be DENIED.

*Factual Background*

The Michener Law Firm filed this lawsuit in state court in June 1997 on behalf of Plaintiff Assembled Electronic Optimized Solutions ("AEOS"). The Michener firm alleges AEOS consistently refused to follow its advise. This lead to the Michener firm's first motion to withdraw in June 2002, which was opposed by AEOS. The Court denied it. The Michener firm was ultimately allowed to withdraw on October 16, 2002, after AEOS withdrew its opposition and allegedly agreed to pay its outstanding legal fees. New counsel entered an appearance on November 19, 2002. The Michener firm filed a charging lien on January 17, 2003, and the case was settled on February 13, 2003.

*Jurisdiction*

Although the underlying lawsuit has been concluded and there is no statutory basis for jurisdiction over the remaining dispute over attorneys' fees, the Court is satisfied the doctrine of ancillary jurisdiction permits it to consider this matter. *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982); *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442 (2d Cir. 1998). This jurisdiction is, however, discretionary. *Curry v. Del Priore*, 941 F.2d 730 (9th Cir. 1991); *Foster v. Board of Trustees*, 771 F. Supp. 1118 (D. Kan. 1991). While this Court could therefore remand the case to state court, the most efficient allocation

of judicial resources dictates this issue should be resolved in this Court.  *Compare Harley & Browne v. Ressler & Ressler*, 957 F. Supp. 44 (S.D.N.Y. 1997), *with Askir v. Brown & Root Serv. Corp.*, 1998 WL 85853 (S.D.N.Y. 1998).

## *Positions of Parties and Decision*

Current counsel for AEOS asserts the $26,766.20 charging lien is untimely and is asserted against a fund not created by the efforts of the Michener firm.  The Michener firm asserts the lien was timely and the settlement resulted from the summary judgment briefs filed by the Michener firm.  The Court finds the existing file raises valid legal claims and creates questions of material fact sufficient to deny Plaintiff's motion for summary judgment.

## *Discussion*

`A charging lien recognizes the right of attorney's to recover fees and costs received as a result of their efforts.  *Thompson v. Montgomery & Andrews, PA*, 816 P.2d 532 (N.M. App. 1991).  It also creates a right to seek court intervention to prevent payment by a judgment debtor prior to resolution of the attorney's claim.  *Id.*  The attorney, however, must provide timely notice of the charging lien so that it may be enforced prior to disbursement of the judgment proceeds.  *Id.; see also Sowder v. Sowder*, 977 P.2d 1034 (N.M. App. 1999).  Plaintiff's new counsel claims the charging lien was untimely but the records show it was entered

prior to the disbursement or even the settlement itself. It is therefore unclear why it would be untimely and Plaintiff's current counsel cites no authority to support his position.

Current counsel for AEOS also alleges the Michener firm did not contribute to the creation of the fund. Whether the charging lien is asserted against a fund created by the efforts of the Michener firm presents a question of material fact, but the complaint-in-intervention certainly makes adequate allegations in this regard.

*[signature]*
**BRUCE D. BLACK**
**United States District Judge**


**For Plaintiff:**
    Joseph P. Kennedy, KENNEDY & OLIVER, Albuquerque, NM
**For Intervener:**
    Roger E. Michener, MICHENER LAW FIRM, Placitas, NM