IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ASSEMBLED ELECTRONIC
OPTIMIZED SOLUTIONS,

        Plaintiff,

v.                                          CIV 99-834 BB/KBM

MANNCORP, INC., et al.,

        Defendants.

MICHENER LAW FIRM, LLC,

        Intervener-in-Settlement.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on presiding District Judge Black's Order of Referral *(Doc. 141 )*. At a hearing held December 23, 2003, I afforded the parties with an opportunity for the record to be developed for further consideration. Having considered the pleadings and relevant law, as well as the evidence and arguments of counsel, I find the law and equities to be in favor of Plaintiff AEOS and recommend against enforcement of the charging lien filed by the Michener Law Firm ("MLF") as to the settlement proceeds. Furthermore, I recommend dismissal of MLF's Complaint-in-Intervention and AEOS' Counterclaim-in-Intervention for lack of subject matter jurisdiction.

      Plaintiff AEOS, while represented by successor attorney Joseph Kennedy, and the defendant company reached a settlement of their dispute for less than $40,000. MLF seeks to enforce an attorney's charging lien for approximately $28,000 in unpaid legal fees against the

settlement proceeds.  Although Mr. Kennedy had also filed a lien, I granted his request to withdraw that lien at the December hearing.

As the Tenth Circuit has noted,

> [u]nder New Mexico law, four requirements must be met for an attorney to recover fees under a lien.  First, there must be a valid contract between the attorney and the client.  Second, the fund to which the lien attaches must have been recovered by the efforts of the attorney.  Third, the attorney must give notice to all parties involved in the litigation of the intent to assert a lien against any judgment.  Finally, the assertion of the lien by the attorney must be timely.  In addition, a court may inquire into the reasonableness of the requested fee for purposes of enforcing the lien.

*Albuquerque TVI v. General Meters Corp.*, 17 Fed.Appx. 870, 874 (10th Cir. 2001) (citations omitted).  Although these elements must be proven, however, it should not be forgotten that "[i]n New Mexico, attorney charging liens are governed by common-law, equitable principles." *See Sowder v. Sowder*, 127 N.M. 114, 117 (Ct. App. 1999);  *see also Cherpelis v. Cherpelis*, 125 N.M. 248 (Ct. App. 1998).  "Administration and enforcement of charging liens is subject to the sound discretion of the trial court."  *Philipbar v. Philipbar*,127 N.M. 341, 344 (Ct. App. 1999).

There is some question whether MLF gave timely and adequate notice of his charging lien to all parties.  It was not filed until after Mr. Kennedy had entered an appearance on behalf of Plaintiff.  Mr. Kennedy indicated that he would not have taken the case on a contingent fee if he had been aware of the existence of the lien.  *See Rhodes v. Martinez*, 122 N.M. 139 (Ct. App. 1996).  Moreover, being fully familiar with the all of settlement negotiations and discovery disputes throughout this litigation, I have a great difficulty in finding that the settlement fund was "recovered by the efforts of the attorney."

Mr. Michener testified that early on in the case he had "urged" his client to settle for far less than it had originally demanded, but the principals for AEOS (Ms. Thomas and Mr. Romero)

had adamantly refused to listen to him. Reviewing the correspondence between MLF and AEOS, however, Mr. Michener put forth little effort to persuade his client of the multitude of weaknesses in its case or to dispel AEOS's view that it would win big (seven figures) if the matter proceeded to trial. In fact, Mr. Michener testified that because he felt that Plaintiff's attorney's fees were likely to exceed any recovery, he accepted the case only on an hourly basis rather than a contingency fee.

The evidence and my observations support a finding that MLF in essence ceded oversight and control of the litigation to its client. In the absence of strong professional advice that it was facing a losing battle, AEOS felt confident it would be vindicated at trial. In that light, how could MLF expect AEOS to lessen its settlement expectations? It was only after Mr. Kennedy spent time and energy convincing AEOS of the foolhardiness of its position that any fund was created.

Even if I assume the lien is valid and that MLF's briefs on summary judgment aided in the settlement, I still recommend that the charging lien not be enforced. Although the settlement was for just less than $40,000, only $10,000 of that amount is in escrow ready to be disbursed. Defendant Mancorp alerted the Court and parties that due to financial circumstances, it will be unable to complete the terms of the settlement. Although Judge Black retained jurisdiction to reopen the case under such a situation, Plaintiff AEOS indicated that it is unlikely to request such relief. Given all of the above circumstances, especially since MLF has received already received $40,000 of its roughly $68,000 in billed fees and costs, as a matter of equity the MLF lien should not be enforceable against the settlement fund, and the $10,000 should be disbursed to AEOS. MLF is not without a remedy to collect the remainder of its fees and costs as it may bring a separate breach of contract suit in state court against AEOS to recover the remainder of the fee as to which AEOS can bring its counterclaim in response.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the charging lien filed by Intervener MLF on January 21, 2003 *(Doc. 112)* not be enforced on equity grounds and that the Complaint in Intervention *(Doc. 120)* and Counterclaim in Intervention *(Doc. 142)* be dismissed without prejudice.

**IT IS FURTHER RECOMMENDED** that the Motion by Plaintiff to Determine Prioirty of Liens *(Doc. 136)*, Motion by Intervener MLF for Default Judgment *(Doc. 138)* and Motion by Plaitiff AEOS for Order to Void Clerk's Entry of Default *(Doc. 146)* be denied as moot.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE